IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UTEGRATION, LLC, | § § | |
| *Plaintiff,* | § § | |
| vs. | § § | CIVIL ACTION NO. 4:18-cv-4465 |
| JUSTUS TALLEY, | § § | Jury Trial Requested |
| *Defendant.* | § § § | |

## AGREED PERMANENT INJUNCTION AND FINAL JUDGMENT

Before the Court is the Agreed Motion for Entry of an Agreed Permanent Injunction and Final Judgment filed by Plaintiff Utegration, LLC and by Defendant Justus Talley.

The Parties have now resolved the present lawsuit and have come to a settlement of all pending claims. Based on the Parties' settlement, the Court now GRANTS a permanent injunction as follows:

IT IS ORDERED and agreed that Defendant Justus Talley, and all other persons acting in concert or in cooperation with him, is enjoined:

    a)     from using or disclosing any of Utegration's Confidential Information in any respect, including without limitation, in his employment or work for himself, Smart Energy Water ("SEW"), or any future employer. As used herein Utegration's Confidential Information means any and all (a) non-publicly-available information concerning Utegration's business and affairs, product specifications, data, know how, formulae, compositions, processes, designs, sketches, photographs, graphs, drawings, samples, inventions and ideas, past, current, and planned (as documented in writing) research and development, current and planned (as documented in writing) manufacturing or distribution methods and processes, customer lists, current and anticipated customer requirements, price lists, market studies, business plans, and any other information, however documented, that is, or may by contract be made, protectable under the laws of the State of Texas as proprietary or trade secrets or which otherwise constitutes information the disclosure of which would be materially detrimental, disadvantageous or embarrassing to Utegration; (b) non-publicly-available

1

information concerning Utegration's business and affairs (which includes historical financial statements, financial projections and budgets, historical and projected sales, capital spending budget and plans, the names and backgrounds of key personnel, personnel training and techniques and materials, business opportunities, personnel assignments, contracts and assets), however documented; (c) other non-publicly-available intellectual property belonging to Utegration; and (d) notes, analysis, compilations, studies, summaries, and other material prepared by or for Utegration containing or based, in whole or in part, on any information included in the foregoing.

b) from, on his own account or for the account of any other person or business, providing services and solutions in connection with implementing and supporting SAP products, or actions in connection therewith, which includes development of SAP products, or providing services related to implementation and/or integration of SAP products (the "Business") for the agreed upon customers listed below for whom Talley worked on behalf of Utegration, or about whom he had access to confidential information while working at Utegration (hereafter, a "Prohibited Customer").

As used in the paragraph above, "providing" means any communication or other personal interaction, in connection with the Business, with any employee or representative of a Prohibited Customer, or work on-site at a facility of any Prohibited Customer.

This list of Prohibited Customers includes the following Utegration clients with whom Talley was personally involved while working for Utegration, or about whom he received confidential information:

   i. CenterPoint Energy;
   ii. Centrica (Direct Energy);
   iii. Epcor Utilities;
   iv. FirstEnergy;
   v. Nebraska Public Power (other than with regard to SEW software implementation work, beginning in 2019, if Utegration is involved in providing support for that project);
   vi. Puget Sound Energy; and
   vii. Sempra Energy (San Diego Gas & Electric) (with respect to SDGE, it will not be a violation of this section for Talley to communicate with or appear on site at SDGE solely for the purpose of assisting in the transfer of his job responsibilities to any designated person at Utegration).

The restriction in this section b) shall expire on November 23, 2019.

IT IS FURTHER ORDERED that, upon a finding by the Court that Talley has willfully and intentionally violated any provision of this Agreed Permanent Injunction and Final Judgment, Talley shall be ordered to pay Utegration reasonable and necessary attorneys' fees and costs incurred in connection with the prosecution of that violation. The payment of these attorneys' fees and costs shall be in addition to any other sanctions or damages, if any, imposed by the Court.

IT IS FURTHER ORDERED that, although the present lawsuit will be dismissed immediately, this Court shall retain jurisdiction over this cause for the purpose of enforcing the injunctive relief described above.

IT IS FURTHER ORDERED that except as set forth herein, all claims, causes of action and counterclaims asserted or that could have been asserted in this action are hereby dismissed with prejudice.

This is a final order disposing of all claims against all parties. All relief not expressly granted herein is DENIED.

Signed this 18th day of December, 2018, at 5:00 o'clock pm.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT COURT

Dated December 12, 2018					Respectfully submitted,


/s/ *Travis J. Odom*						/s/ *Nancy Rader Whitehead*
Travis J. Odom							Nancy Rader Whitehead
Texas State Bar No. 24056063					California State Bar No. _____
Federal I.D. No. 997750						SCOTT & WHITEHEAD
LITTLER MENDELSON, P.C.					4675 MacArthur Court, Suite 1240
1301 McKinney Street, Suite 1900				Newport Beach, California 92660
Houston, Texas 77010						949.222.0166 (Telephone)
713.951.9400 (Telephone)					949.222.0113 (Facsimile)
713.951.9212 (Facsimile)
								ATTORNEYS FOR DEFENDANT
ATTORNEYS FOR PLAINTIFF					JUSTUS TALLEY
UTEGRATION LLC